1  **ALLACCESS LAW GROUP**
   Irene Karbelashvili, State Bar Number 232223
2  irene@allaccesslawgroup.com
   Irakli Karbelashvili, State Bar Number 302971
3  irakli@allaccesslawgroup.com
   1400 Coleman Ave Ste F28
4  Santa Clara, CA 95050
   Telephone: (408) 295-0137
5  Fax: (408) 295-0142

6
   Attorneys for EDWIN L. HULLANDER, Plaintiff
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11
    EDWIN L. HULLANDER,           )   **Case No.**
12                                )
                  Plaintiff,      )   *Civil Rights*
13                                )
    vs.                           )   **COMPLAINT FOR INJUNCTIVE**
14                                )   **AND DECLARATORY RELIEF**
                                  )   **AND DAMAGES**
15  CAMPUS COMMONS PARK           )
    CORPORATION,                  )
16                                )
                  Defendant.      )
17                                )   **REQUEST FOR JURY TRIAL**
18

1  EDWIN L. HULLANDER ("Plaintiff") hereby complains of Defendant CAMPUS COMMONS PARK CORPORATION, ("Defendant") as follows:

### INTRODUCTION

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as the "Campus Commons Clubhouse" located at or about 650 Commons Dr, Sacramento, California (hereinafter "Clubhouse").

2. Plaintiff is a person with physical disabilities who relies on a wheelchair for mobility.

3. Defendant is the owner and/or operator of the Clubhouse. The Clubhouse is not wheelchair accessible because it fails to comply with Title III of the Americans with Disabilities Act of 1990 and supplementary California civil rights laws. As a result, Plaintiff has been continuously denied full and equal access and/or deterred from visiting the Clubhouse at least since 2019 and has been embarrassed and humiliated. Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive relief for full and equal access and damages under California law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

### JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

5. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

### PARTIES

6. Plaintiff EDWIN L. HULLANDER is, and at all times relevant herein was, a qualified

individual with a physical disability. Plaintiff was afflicted with polio in 1940 when he was 3 years old. Polio caused Plaintiff's right leg to be paralyzed and unable to support his body. Post-polio syndrome (PPS) has further weakened muscles of his leg that originally was not affected by the polio. PPS caused new muscle weakness that got worse over time, pain in the muscles and joints, and tiredness. To ease the PPS symptoms and keep them under control, Plaintiff's physician has prescribed water aerobics as part of Plaintiff's physical therapy. Plaintiff has been relying on a wheelchair for mobility since 2016. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate persons with disabilities who rely on mobility aids. Plaintiff possesses a disabled parking placard issued by the State of California. Plaintiff has been the owner of the Campus Commons Village 4 unit located at 965 Commons Dr, Sacramento, California since 2004. When Plaintiff purchased his unit in 2004, the Homeowners Association's governing documents indicated that he would have access to the Clubhouse, including the swimming pool.

7. Defendant CAMPUS COMMONS PARK CORPORATION is a nonprofit corporation within the State of California. The corporation's governance includes its Articles of Incorporation and Bylaws, with oversight provided by a nine-member Board of Directors.

8. Since 1973, Defendant has been the owner and operator of the Clubhouse located at or about 650 Commons Dr, Sacramento, California. The Clubhouse serves the residents in a sub-division comprising approximately 571 single family homes of six (6) independent homeowner's associations. One of these independent homeowner's associations is Campus Commons Village Corporation No. Four, of which Plaintiff is a member.

9. The Clubhouse is comprised of a swimming pool, a deep-water pool, a spa, upstairs mezzanine (including the kitchen), board, bridge, and tile room, library, a dance floor, office space, and restrooms. The Clubhouse is rented out to members of the general public on a first come, first serve basis.

**FACTUAL ALLEGATIONS**

10.   Plaintiff has been unable to utilize the pool at the Clubhouse because the pool is not wheelchair accessible. First, the lock on the security fence is too high for Plaintiff to reach on his own. Each time, Plaintiff had to ask his assistant to unlock the gate. Second, the pool does not have a pool lift. In June 2019, Plaintiff attempted to participate in a water aerobics class offered at the Clubhouse on June 3, 2019; June 6, 2019; and June 13, 2019 but was unable to exit the pool safely. His third attempt nearly caused a head injury. Shortly thereafter, Plaintiff asked Defendant to provide a chair lift to assist him in leaving and entering the pool. Plaintiff offered to pay for the lift so that he can participate in the summer 2019 water aerobics. On June 18, 2019, Defendant notified Plaintiff that it needed to "study the offer." Defendant, however, did not follow up with Plaintiff on this accommodation request and as a result Plaintiff was unable to participate in water aerobics in the summer of 2019.

11.   The Clubhouse also has a spa and a deep-water pool. Neither the spa nor the deep-water pool, however, have a wheelchair lift. Consequently, the spa and deep-water pool are likewise not accessible to Plaintiff. Furthermore, the pool and the spa are on different levels. To access the upper level where the spa is located, Plaintiff had to leave the main pool area and be pushed up a steep hill in his wheelchair.

12.   The interior of the Clubhouse is also not accessible to Plaintiff. Namely, the front entry to the Clubhouse is not wheelchair accessible because there is no ramp leading to the front entrance of the Clubhouse. In order to enter the Clubhouse, Plaintiff has to expend tremendous efforts by climbing the two steps with no railing. The same problem exists on the rear deck overlooking the ponds.

13.   Because the Clubhouse is three stories with no elevator or wheelchair lift, the only way to access the mezzanine, in order to play bridge, use the kitchen, or access the file room where HOA records are kept, is to climb 16 steps, something that Plaintiff cannot do. Likewise, Plaintiff cannot access the second floor to get to the office (to pay HOA fees or to donate goods), the Director's Board Room, and the restrooms because the only means of access to the second

floor is to climb 20 steps. To add insult to injury, the men's restroom on the second floor is not wheelchair accessible, in part because there is no adequate turnaround space for a wheelchair and no grab bars inside the stall.

14.     When Plaintiff initially complained to Defendant regarding the interior of the Clubhouse being completely inaccessible to him, Defendant told Plaintiff that it would be too expensive to improve access.

15.     Lack of accessibility to the Clubhouse, including the pool, excludes Plaintiff from participating in the various community events that are held at the Clubhouse throughout the year. Plaintiff would have gone to water aerobics classes in the summer of 2019, 2020, 2021, and 2022 had the pool at the Clubhouse been accessible to him. Plaintiff would have also utilized the various amenities inside of the Clubhouse in 2019, 2020, 2021, and 2022, had the interior of the Clubhouse been accessible to him. Plaintiff has been deterred from using the amenities at the Clubhouse, including the pool, because the facility continues to be inaccessible to Plaintiff.

16.     Defendant has discriminated against Plaintiff because Defendant's Clubhouse and policies do not comply with the requirements of the ADA and California law. Defendant has failed and refused to provide full and equal access to the services, privileges, benefits, and advantages that it provides to nondisabled persons at the Clubhouse.

17.     The Clubhouse and its facilities, including but not limited to its entrances/exits, interior paths of travel, restrooms are each a "public accommodation" and part of a "business establishment," subject to the requirements of multiple categories of § 301(7) of the ADA (42 U.S.C. § 12181(7)), and of California Civil Code §§ 51 *et seq.*

18.     On information and belief, the Clubhouse has since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of the Clubhouses construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of

Title III of the ADA.

19. Defendant knowingly and intentionally has denied persons with mobility disabilities the full and equal enjoyment of its businesses, services, privileges, advantages, and accommodations—all in violation of the ADA, the Unruh Act, and the California Health and Safety Code. Defendant has engaged in this discriminatory conduct despite the fact that Defendant's services, business practices, contracts, and contractual relationships could easily be brought into compliance with the ADA and related California law, and despite the fact that Defendant has been fully aware that its conduct and business practices was causing harm to persons with mobility disabilities including segregation and exclusion.

20. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

21. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued, attempted visits and/or deterrence, which are certain to occur on a regular basis following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

22. Defendant knew, or should have known, that these elements and policies rendered the Clubhouse inaccessible, violate state and federal law, and interfere with and/or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendant has the financial resources to remove these barriers and make the Clubhouse accessible to the physically disabled. To date, however, Defendant refused to remove those barriers or to provide full and equal access to the Clubhouse.

23. As a result of Defendant's actions and failures to provide disabled access, Plaintiff suffered a denial of his civil rights, psychological and emotional discomfort, and denial of rights to full and equal access to public accommodations, all to his general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal

access which have caused him difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, pursuant to federal and state law.

24. Plaintiff's goal in this suit is a positive one: to make the Clubhouse fully accessible to persons with similar mobility disabilities.

# FIRST CLAIM:
## VIOLATION OF THE ADA, TITLE III
### [42 USC §§ 12101 et seq.]

25. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

26. Plaintiff was at all times relevant herein a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

27. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to access and use the subject facilities.

28. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

29. The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36, et seq.

30. Plaintiff alleges on information and belief that the Clubhouse was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendant violated the ADA by designing and/or constructing the Clubhouse in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

31. The removal of each of the barriers complained of by Plaintiff as herein alleged, were at all times herein mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

32. As noted throughout this Complaint, removal of each and every one of the architectural barriers complained of herein was also required under California law.

33. Plaintiff alleges on information and belief that the Clubhouse was modified after January 26, 1993. Any alterations, structural repairs or additions since January 26, 1993, have independently triggered requirements for removal of barriers to access for disabled persons per § 12183 of the ADA.

34. Defendant has discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits to Clubhouse that are unequal to that afforded to people without disabilities by precluding people with mobility disabilities from dining inside of Clubhouse and not providing other accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of Clubhouse to individuals with disabilities; (c) failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable; and (d) where Defendant can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Clubhouse available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit and/or deterrence from accessing the Clubhouse and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying to him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to enter inside of the building at the Clubhouse is a fundamental necessity. Without this ability, Plaintiff is unable to avail himself of the services offered at Clubhouse on a full and equal basis. Therefore, the benefits of creating access to Clubhouse's interior does not exceed the costs

of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

35. Pursuant to the ADA, 42 U.S.C. 12188 et seq., Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

36. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### [Cal. Civil Code §§ 51 et seq.]

37. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled hereafter.

38. Clubhouse is a business establishment within the meaning of the Unruh Act.

39. Defendant is the owner and operator of the business establishment.

40. Defendant violated the Unruh Act by its acts and omissions, as follows:

   a. Failure to construct and/or alter Clubhouse in compliance with state building code and state architectural requirements;

   b. Failure to remove known barriers to access at Clubhouse;

   c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of Clubhouse; and

       d.   Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

41. Plaintiff has experienced barriers to access at Clubhouse, all of which have caused him major difficulty, discomfort and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

42. Further, on information and belief, Clubhouse and its respective premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

43. These barriers to access render Clubhouse and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to those barriers that limit or deny full and equal access to persons with similar mobility disabilities.

44. Each violation of the ADA constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 52(a).

45. With respect to Defendant's violations of the Unruh Act that are not predicated on violations of the ADA, Defendant's behavior was intentional: it was aware of and/or were made aware of its duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the Clubhouse. Defendant's discriminatory practices and/or policies that deny full enjoyment of Clubhouse to persons with physical disabilities indicate actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Accordingly, Defendant has engaged in willful affirmative misconduct in violating the Unruh Act.

46. Plaintiff's injuries are ongoing so long as Defendant does not modify its policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar

mobility disabilities.

47. At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendant failed to rectify the violations, and presently continue a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CLAIM:

## VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

**[Cal. Health and Safety Code §§19955 et seq.]**

48. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

49. Health & Safety Code §19955 provides in pertinent part:
> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

50. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and is applicable to all public accommodations constructed or altered after that date.

51. On information and belief, portions of Clubhouse and/or of the building(s) were

1  constructed and/or altered after July 1, 1970, and substantial portions of Clubhouse and/or the
2  building(s) had alterations, structural repairs, and/or additions made to such public
3  accommodations after July 1, 1970, thereby requiring Clubhouse to be subject to the
4  requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration,
5  structural repairs or additions per Health & Safety Code §19959.
6  52.   Pursuant to the authority delegated by Government Code §4450, et seq, the State
7  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
8  1982, Title 24 of the California Building Standards Code adopted the California State Architect's
9  Regulations and these regulations must be complied with as to any alterations and/or
10 modifications of Clubhouse and/or the building(s) occurring after that date. Construction changes
11 occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the
12 "ASA" requirements, the American Standards Association Specifications, A117.1-1961.
13 53.   On information and belief, at the time of the construction and modification of said
14 building, all buildings and facilities covered were required to conform to each of the standards
15 and specifications described in the American Standards Association Specifications and/or those
16 contained in the California Building Code.
17 54.   Clubhouse is a "public-accommodations or facilities" within the meaning of Health &
18 Safety Code §19955, *et seq.*
19 55.   As a result of the actions and failure to act of Defendant, and as a result of the failure to
20 provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's right to full
21 and equal access to public facilities and suffered a loss of civil rights and rights as a person with
22 physical disabilities to full and equal access to public facilities.
23            WHEREFORE, Plaintiff requests relief as outlined below.
24                         **FOURTH CLAIM:**
25        **VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**
26                  **(California Civil Code § 54 et seq.)**
27 56.   Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the
28

allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

57. The Clubhouse is a place of public accommodation and/or places to which the general public is invited and, as such, it must comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 et seq.

58. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

59. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

60. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

61. Defendant has violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

Accordingly, Plaintiff prays for relief as hereinafter stated in pertinent part.

## **PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendant's actions, omissions, and failures -- including but limited to: failing to remove known architectural barriers at Clubhouse so as to

make the facilities "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Clubhouse in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendant, its agents, officials, employees, and all persons and entities acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable accommodation for persons with disabilities in all its programs, services and activities at Clubhouse;

    c. To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at Clubhouse;

    d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including without limitation, the removal of all barriers to access where "readily achievable;"

    e. To maintain such accessible facilities once they are provided;

    f. To train Defendant's employees and agents in how to accommodate the rights and needs of physically disabled persons at Clubhouse; and

    g. To implement nondiscriminating protocols, policies, and practices for accommodating persons with mobility disabilities at Clubhouse.

4. Plaintiff requests that the Court retain jurisdiction over Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6.     Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

7.     Plaintiff requests prejudgment interest pursuant to California Civil Code § 3291;

8.     Plaintiff requests interest on monetary awards as permitted by law; and

9.     Plaintiff requests such other and further relief as this Court may deem just and proper.

Dated: October 17, 2022          /s/  Irakli Karbelashvili
                                 Irakli Karbelashvili, Attorney for Plaintiff
                                 EDWIN L. HULLANDER

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: October 17, 2022          /s/  Irakli Karbelashvili
                                 Irakli Karbelashvili, Attorney for Plaintiff
                                 EDWIN L. HULLANDER